COPY

1  Kelly M. Dermody (State Bar No. 171716)
   kdermody@lchb.com
2  Daniel M. Hutchinson (State Bar No. 239458)
   dhutchinson@lchb.com
3  Lin Y. Chan (State Bar No. 255027)
   lchan@lchb.com
4  LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
5  275 Battery Street, 29th Floor
   San Francisco, CA 94111
6  Telephone: (415) 956-1000
   Facsimile: (415) 956-1008
7

8  *Counsel for Plaintiff and the Proposed Class*

9

10            **UNITED STATES DISTRICT COURT**

11            **CENTRAL DISTRICT OF CALIFORNIA**

               **WESTERN DIVISION**

12 SURAJ KAMATH, on behalf of       Case No. CV13-8540 CAS (JCGx)
   himself and all others similarly
13 situated,                         **CLASS ACTION COMPLAINT FOR
                                      UNJUST ENRICHMENT,**
14            Plaintiff,             **CONVERSION, DECLARATORY
                                      RELIEF, AND INJUNCTIVE RELIEF**
15 v.
                                     CLASS ACTION
16 ROBERT BOSCH LLC, and
   ROBERT BOSCH ENGINEERING          JURY TRIAL DEMANDED
17 AND BUSINESS SOLUTIONS
   LTD.,
18
             Defendants.
19

20

21

22

23

24

25

26

27

28

1138918.5

CLASS ACTION COMPLAINT

Individual and representative Plaintiff Suraj Kamath ("Plaintiff") alleges, on behalf of himself and all others similarly situated, as follows:

## INTRODUCTION

1.     Plaintiff Suraj Kamath is a member of, and seeks to represent, a class of highly skilled engineers to whom their employer, Defendants Robert Bosch, LLC, and Robert Bosch Engineering and Business Solutions, Ltd. (hereinafter identified as "Bosch" or "the Company"), has issued a standard letter requiring them to pay to the Company the entire amount of their federal and state tax refund checks (hereinafter "Class members").

2.     Plaintiff challenges this single, common, and nationwide corporate policy that has deprived, and threatens to further deprive, Bosch's similarly situated engineers of their tax refund amounts.

3.     This class action seeks to end this policy and return the tax refund amounts wrongfully taken from Class members.  Plaintiff, on behalf of himself and all Class members, seeks damages, injunctive relief, and restitution of all unjust enrichment the Company has enjoyed as a result of this practice.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d)(2) and (6), because: (a) the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs; (b) this is a class action involving 100 or more class members; and (c) this is a class action in which at least one member of the Plaintiff class is a citizen of a State different from at least one Defendant.

5.     Personal jurisdiction over Bosch is proper because it has purposefully availed itself of the privilege of conducting business activities within the State of California by employing workers within California, and selling its services within the State.  Bosch generally has maintained systematic and continuous business contacts with California.

6.     Venue is proper in this district pursuant to 42 U.S.C. § 2000e5(f) and 28 U.S.C. §§ 1391(b) & (c).  Many of the acts complained of herein occurred in this District and gave rise to the claims alleged.  Bosch conducts business in this District and has employed workers within the State of California.

## THE PARTIES

7.     Plaintiff Suraj Kamath is a citizen of India, who legally worked and lived in California under an L-1 visa.  In 2005, Mr. Kamath began working for Robert Bosch Engineering and Business Solutions, Ltd. ("RBEI") in India.  In March 2009, RBEI transferred Mr. Kamath from India to the United States.  From March 2009 until May 2013, Bosch employed Mr. Kamath as a Project Manager in Santa Barbara, California.

8.     Defendant Robert Bosch, LLC ("Bosch LLC") is the principal U.S. subsidiary of Robert Bosch GmbH, a German multinational corporation that specializes in engineering and electronics, and is one of the world's largest suppliers of automotive components.  At all times mentioned herein, Bosch LLC was a Delaware corporation operating throughout the State of California and the United States.  Bosch LLC's principal offices are located in Broadview, Illinois.

9.     Defendant RBEI is an Indian corporation registered with the Illinois Secretary of State to operate in the United States.  In its website, RBEI describes itself as the "technology powerhouse" in India of its parent Robert Bosch GmbH.

## STATEMENT OF FACTS APPLICABLE TO ALL CLAIMS

**I.     Bosch's Transfer of Its Employees to the United States**

10.     RBEI employs over 12,000 employees in India.

11.     For a select number of its managers and most highly skilled employees with advanced engineering degrees, Bosch obtains L-1 visas that allow them to live and work in the United States for a specified duration.  Bosch completes each L-1 visa application and certifies to the U.S. government, "under penalty of perjury

1   under the laws of the United States of America, that this petition and the evidence
2   submitted with it are all true and correct."

3       12.     The L-1 visa is an intracompany transfer visa that permits a company
4   to transfer an executive, manager, or employee with specialized knowledge from a
5   foreign office to the company's U.S. parent, affiliate, subsidiary, or branch office.
6   *See* 8 C.F.R. § 214.2(l).

7       13.     L-1 visas require continued employment by the Company.  Therefore,
8   if an employee is fired or quits, the employee cannot legally remain in the United
9   States and must return to India.

10      14.     On information and belief, Plaintiff alleges that, contrary to the
11  intention of the L-1 visa program, many Bosch employees do not work exclusively
12  for Bosch.  Instead, while on the Bosch payroll, many Bosch employees work on
13  projects for other U.S. businesses that contract with Bosch for its employees'
14  services.

15      15.     On information and belief, Plaintiff alleges that Bosch's visa petitions
16  do not inform the U.S. government that its employees will work for Bosch's
17  customers.

18      16.     H-1B visas, in contrast, are required to employ foreign nationals in a
19  "specialty occupation" and carry strict requirements, including that an employer
20  pay its employees the higher of the prevailing wage or the amount paid to other
21  employees performing the same services.  *See* 8 U.S.C. § 1182(n)(1)

22      17.     By obtaining L-1 visas, rather than hiring U.S. citizens or obtaining H-
23  1B visas, Bosch avoids having to pay the prevailing U.S. wage to its engineer
24  managers and employees with specialized knowledge.

25  **II.     Bosch's Salary Policy**

26      18.     The L-1 visa regulations did not require Bosch to pay its engineer
27  employees the prevailing wage.  Accordingly, Bosch paid its employees well below
28  the prevailing wage for highly skilled engineers.  Bosch continued to pay its

1   employees their much-lower Indian salary in rupees via direct deposits to their bank
2   accounts in India.

3       19.   On information and belief, Plaintiff alleges that the total Indian salary
4   for these highly skilled engineers typically totaled roughly $600 to $2,100 per
5   month, depending upon their qualifications and experience.

6       20.   Bosch also provided each of its engineer employees with a standard
7   living allowance in the net amount of approximately $1,200 to $1,400 per month
8   and reimbursement for lodging and transportation costs in the net amount of
9   approximately $1,650 to $2,100 a month.  To the extent that Bosch's allowance and
10  reimbursement payments even constitute wages, they are well below the salaries
11  paid to highly skilled engineers in the United States.

12      21.   Bosch implemented a gross-up policy to determine a gross salary
13  amount to report to the IRS and state tax authorities.

14      22.   Based on that gross salary, Bosch remitted income tax payments to
15  federal and state taxing authorities on behalf of each Class member.

16      23.   On information and belief, Plaintiff alleges that Bosch required all
17  employees to file their tax returns using the outside accounting firm GTS, Inc.,
18  which shared employees' tax information with Bosch without the employees'
19  knowledge or consent.

20      24.   On information and belief, Plaintiff alleges that for at least the tax
21  years 2006 through 2011, each Class member received a federal and state tax
22  refund check made out to the Class member, representing the amount of taxes the
23  Class member overpaid the federal and state tax agencies.

24      25.   On information and belief, Plaintiff alleges that Bosch's employees
25  received and cashed their tax refund checks.

26      26.   For example, for each year that Plaintiff worked for Bosch in the
27  United States, the Internal Revenue Service and California Franchise Tax Board

28

1138918.5                        - 4 -                   CLASS ACTION COMPLAINT

sent to Plaintiff checks made out to him in the amount of taxes he overpaid throughout the preceding year.

## III.   Bosch's Tax Refund Policy

27.   On December 21, 2012, Bosch issued a form letter to Plaintiff and each Class member.  A sample of the letter to Plaintiff is attached hereto as Exhibit 1.

28.   Bosch's letter set forth the amounts of tax refunds that the Class member received for tax years 2006, 2007, 2008, 2009, 2010, and 2011.

29.   Bosch directed each Class member to "repay this amount" to Bosch by check before January 15, 2013, or arrange for payroll deductions by no later than December 27, 2012.

30.   The tax refund amounts sought by Bosch total as much as tens of thousands of dollars per Class member.  Bosch, for example, seeks payment of $45,102 from Plaintiff.

## IV.   Bosch's Enforcement Procedures

31.   Many Class members, including Plaintiff, have attempted to resist paying their tax refund amounts to Bosch.

32.   On information and belief, Plaintiff alleges that Bosch has used a uniform and common practice of intimidation and threats to pressure Class members into paying their tax refund amounts to Bosch.  For example, Bosch informed Plaintiff that, if he did not sign a form declaration promising to pay Bosch the full amount of his tax refunds, Bosch would fire him, require him to return to India, make his life miserable, make sure that his life and career would be destroyed, make sure that he would not find another job anywhere, and pursue criminal and civil lawsuits against him.  Contemporaneous e-mail correspondence from Bosch to Plaintiff reflects that as soon as Plaintiff raised concerns about Bosch's demands to pay back tax refunds, Bosch instructed him to "return to India immediately.  Any delay will be considered as insubordination."  The

correspondence further documents Bosch managers' threats that "[w]e will make sure that your career is destroyed and you will not be able to find a job any where. We will make your life miserable if you don't sign [the declaration promising to pay back to Bosch the tax refunds you received]." The employment relationship between Bosch and its employees in the United States on L-1 visas was inherently coercive.

33. Following Plaintiff's refusals to pay Bosch his tax refund amounts and his retention of counsel, Bosch required Plaintiff to return to India in May 2013, even though his visa was valid until March 1, 2014.

34. Faced with Bosch's coercive letter and practices, Class members have submitted payments for their tax refund amounts to the Company. Bosch has simply taken Class members' tax refund amounts through payroll deductions and by withholding wages owed. For example, Bosch has not paid Plaintiff the performance pay Bosch owes him for 2012. Instead, Bosch informed Plaintiff that it will only pay him that amount if he agrees to pay his entire tax refund amounts to the Company. As a result, Bosch has denied Plaintiff thousands of dollars in lost income.

35. On information and belief, Bosch refused to pay its employees performance pay in all cases in which its employees refused to pay their entire tax refund amounts to the Company. Contemporaneous e-mail correspondence from Bosch to Plaintiff documents this policy by stating that performance pay "was withheld for all cases where the signed declaration authorizing payroll deduction was not received."

36. Class members did not provide Bosch with their tax refund amounts voluntarily. Instead, Bosch, through coercion, has taken and retained the proceeds from Class members' federal and state tax refunds for each year that they worked in the United States.

37.     On information and belief, Bosch has already obtained millions of dollars from Class members that rightfully belong to them.  Bosch has not returned these funds to its employees.

## CLASS ALLEGATIONS

38.     Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3), and (c)(4), on behalf of a nationwide Class comprised of:

> All non-U.S. citizens who were, are, or will be employed by Bosch
> from whom Bosch has demanded payment of their tax refund amounts.

39.     The members of the nationwide Class identified herein are so numerous that joinder of all members is impracticable.  On information and belief, Plaintiff alleges that the number of employees affected by the illegal practices alleged herein is at least 160, which is greater than can be addressed feasibly through joinder.  The precise number is ascertainable from Bosch's records.

40.     There are a discrete number of questions of law and fact common to the Class, central to the resolution of the case, and capable of classwide resolution. Answers to these common questions will advance this litigation significantly.  Such common questions capable of generating common answers apt to drive this litigation include, but are not limited to, the following: (1) whether Bosch's standard policy of compelling the Plaintiff and Class members to pay over their tax refund check amounts constitutes conversion or unjust enrichment; and (2) whether injunctive relief and other equitable remedies (including restitution) and compensatory and punitive damages are warranted for the Class.

41.     The claims of Plaintiff are typical of the claims of the Class he seeks to represent.

42.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff's counsel is competent and highly experienced in complex class actions and employment-related class actions in

general, and in employment class actions on behalf of foreign nationals in
particular.

43.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2)
because Bosch has acted and/or refused to act on grounds generally applicable to
the Class, making appropriate declaratory and injunctive relief with respect to
Plaintiff and the Class.  The law entitles members of the Class to injunctive relief,
including restitution of the profits Bosch has unlawfully acquired and retained
through its illegal acts.

44.     Class certification is also appropriate pursuant to Fed. R. Civ. P.
23(b)(3) because common questions of fact and law predominate over any
individual questions affecting members of the Class, and because a class action is
superior to other available methods for the fair and efficient adjudication of this
litigation.  Class members have been damaged and are entitled to recovery as a
result of Bosch's common, uniform, and illegal policies and practices.  Bosch has
computerized data that will make calculation of damages for specific members of
the Class relatively straightforward.

## FIRST CLAIM FOR RELIEF
### Conversion
(by Plaintiff on behalf of himself and the proposed Class)

45.     Plaintiff hereby incorporates by reference the allegations contained in
all preceding paragraphs of this complaint.

46.     Plaintiff brings this claim on behalf of himself and the proposed Class.

47.     The tax refund amounts Bosch required its employees to pay to the
company represent the difference between the amount of the employees' earnings
that was withheld for taxes and the amount of taxes actually owed.  This amount
was withheld from their gross wages.  Plaintiff and proposed Class members
therefore have the right to receive and retain their federal and state income tax
refund amounts.

1   48.    By requiring that Plaintiff and each Class member pay their state and

2   federal income tax refund amounts to Bosch, Bosch has intentionally taken

3   dominion and control over Class members' tax refund amounts.

4   49.    Bosch's actions seriously interfere with Plaintiff's and proposed Class

5   members' rights to control and use their federal and state income tax refund

6   amounts.

7   50.    Bosch's actions have caused Plaintiff and Class members significant

8   financial injury.  Bosch's conversion of Plaintiff's and Class members' federal and

9   state income tax refund amounts has deprived each Class member of as much as

10   tens of thousands of dollars per Class member.

11   51.    Bosch's conduct as alleged above constitutes conversion.

12   52.    Plaintiff requests relief as provided in the Prayer for Relief below.

13   **SECOND CLAIM FOR RELIEF**
**Unjust Enrichment**

14   (by Plaintiff on behalf of himself and the proposed Class)

15   53.    Plaintiff hereby incorporates by reference the allegations contained in

16   all preceding paragraphs of this complaint.

17   54.    Plaintiff brings this claim on behalf of himself and the proposed Class.

18   55.    By paying the amounts of their federal and state income tax refund

19   checks to Bosch, Plaintiff and each Class member conferred a substantial benefit

20   upon Bosch, worth as much as tens of thousands of dollars per Class member.

21   56.    By requiring each Class member to pay their tax refund amounts to

22   Bosch, Bosch knew of and fully appreciated the benefit it was receiving.

23   57.    It is inequitable for Bosch to retain tax refund amounts that rightfully

24   belong to Class members.

25   58.    Bosch's conduct as alleged above establishes a claim for unjust

26   enrichment.

27   59.    Plaintiff requests relief as provided in the Prayer for Relief below.

28

**THIRD CLAIM FOR RELIEF**
**Declaratory Relief Under 28 U.S.C. § 2201 & Fed. R. Civ. P. 57**
(by Plaintiff on behalf of himself and the proposed Class)

60.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

61.     Plaintiff brings this claim on behalf of himself and the proposed Class.

62.     There exists an actual controversy under applicable law governing Bosch's conduct as to whether Bosch can engage in the practices described herein.

63.     This question is common to Plaintiff and Class members who seek a declaration of their rights and legal obligations in addition to such other relief which might be granted by this Court.

64.     Pursuant to 28 U.S.C. § 2201, this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

65.     Plaintiff and Class members are interested parties who seek a declaration of their rights and legal relations vis-à-vis Bosch, including a finding that the conduct of Bosch alleged herein is in violation of federal and state law, and enjoining Bosch from continuing in such conduct.

**FOURTH CLAIM FOR RELIEF**
**Injunctive Relief**
(by Plaintiff on behalf of himself and the proposed Class)

66.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

67.     Plaintiff brings this claim on behalf of himself and the proposed Class.

68.     Plaintiff asks the Court to grant the remedy of restitution to himself and to all members of the class who made payments to Bosch.  Plaintiff asks the Court to grant the return of all payments made to Bosch.

69.     Plaintiff seeks injunctive relief enjoining Bosch from continuing to engage in the practice of requiring Class members to pay their tax refund amounts to Bosch.

1

## **RELIEF ALLEGATIONS**

2    70.    Plaintiff and the Class he seeks to represent have no plain, adequate, or

3    complete remedy at law to redress the wrongs alleged herein, and the injunctive

4    relief sought in this action is the only means of securing complete and adequate

5    relief.  Plaintiff and the Class he seeks to represent are now suffering and will

6    continue to suffer irreparable injury from Bosch's illegal acts.

7    71.    The actions on the part of Bosch have caused and continue to cause

8    Plaintiff and the proposed Class substantial losses, in an amount to be determined

9    according to proof.

10    72.    Bosch acted or failed to act as herein alleged with malice or reckless

11    indifference to the protected rights of Plaintiff and members of the proposed Class.

12    Plaintiff and members of the proposed Class are thus entitled to recover punitive

13    damages in an amount to be determined according to proof.

14

## **PRAYER FOR RELIEF**

15    **WHEREFORE,** Plaintiff, on behalf of himself and the proposed Class,

16    prays for relief as follows:

17    73.    Certification of the case as a class action on behalf of the proposed

18    Class, designation of Plaintiff as representative of the Class, and designation of his

19    counsel of record as Class Counsel;

20    74.    Damages and equitable relief for all harm Plaintiff and the Class have

21    sustained as a result of Bosch's conduct, according to proof;

22    75.    Exemplary and punitive damages in an amount commensurate with

23    Bosch's ability to pay and to deter future unlawful conduct;

24    76.    A preliminary and permanent injunction against Bosch and its

25    directors, officers, owners, agents, successors, employees, and representatives—and

26    any and all persons acting in concert with them—from engaging in each of the

27    unlawful practices, policies, customs, and usages set forth herein;

28

77.     A declaratory judgment that the practices complained of in this complaint are unlawful and violate applicable federal and state law;

78.     Fees and costs incurred, including reasonable attorneys' fees, to the extent allowable by law;

79.     Pre-judgment and post-judgment interest, as provided by law; and

80.     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated:  November 19, 2013          LIEFF, CABRASER, HEIMANN
                                   & BERNSTEIN, LLP


                                   By:_____
                                          Kelly M. Dermody

                                   Kelly M. Dermody (State Bar No. 171716)
                                   kdermody@lchb.com
                                   Daniel M. Hutchinson (State Bar No. 239458)
                                   dhutchinson@lchb.com
                                   Lin Y. Chan (State Bar No. 255027)
                                   lchan@lchb.com
                                   LIEFF, CABRASER, HEIMANN
                                    & BERNSTEIN, LLP
                                   275 Battery Street, 29th Floor
                                   San Francisco, CA 94111
                                   Telephone:  (415) 956-1000
                                   Facsimile:  (415) 956-1008

                                   *Counsel for Plaintiff and the Proposed Class*

1

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  November 19, 2013

LIEFF, CABRASER, HEIMANN
  & BERNSTEIN, LLP

By:_____
            Kelly M. Dermody

Kelly M. Dermody (State Bar No. 171716)
kdermody@lchb.com
Daniel M. Hutchinson (State Bar No. 239458)
dhutchinson@lchb.com
Lin Y. Chan (State Bar No. 255027)
lchan@lchb.com
LIEFF, CABRASER, HEIMANN
  & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Counsel for Plaintiff and the Proposed Class*

**Exhibit 1**



Date: 21.12.2012

Dear **Suraj Vishwanath Kamath,**

We were reviewing the Net Guaranteed pay to associates on deputation and the taxation impact thereof.

It was observed that an advantage accrued to you in excess of the **"Guaranteed Net Pay"** during your deputation period to USA. This resulted in your owing RBEI the following amounts:

| Year | Amount (Dollar) | Equivalent amount (INR) |
|---|---|---|
| 2006 | - | - |
| 2007 | - | - |
| 2008 | - | - |
| 2009 | 9846 | 475660 |
| 2010 | 14236 | 650585 |
| 2011 | 21020 | 979952 |
| **Total** | **45102** | **2106198** |

To repay this amount please submit a cheque payable to Robert Bosch Engineering and Business Solutions Limited by 15th Jan 2013 to Mr.Purushothama M P (RBEI/FIN2).

In case you require any assistance in the form of a payroll deduction for fixed number of installments, please contact Ms. Namita Venkatraman (RBEI/HRL-PP) by 27th Dec 2012

Please send your confirmation on the mode through which you wish to repay the amount latest by 27th Dec 2012.

Regards,

Sd/-                    Sd/-

**RBEI/COR**        **RBEI/HRL**

Registered Office: Robert Bosch Engineering and Business Solutions Limited, 123, Industrial Layout,
Hosur Road, Koramangala, Bangalore – 560095, India
© Robert Bosch Engineering and Business Solutions Limited reserves all rights even in the event of industrial property
rights. We reserve all rights of disposal such as copying and passing on to third parties.

● ORIGINAL ●

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| SURAJ KAMATH, on behalf of himself and all others similarly situated | ) ) ) ) ) |
| _Plaintiff(s)_ | ) |
| v. | ) ) |
| ROBERT BOSCH LLC, and ROBERT BOSCH ENGINEERING AND BUSINESS SOLUTIONS LTD. | ) ) ) ) ) |
| _Defendant(s)_ | ) |

CV13-8540 CAS (JCx)

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Robert Bosch LLC and Robert Bosch Engineering and Business Solutions Ltd.
c/o Lawyers Incorporating Service
2710 Gateway Oaks Dr, Ste 150N
Sacramento, CA 95833

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Kelly M. Dermody
Daniel M. Hutchinson
Lin Y. Chan
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: NOV 1 9 2013

_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*    Robert Bosch LLC and RBEI

was received by me on *(date)*                          .

□ I personally served the summons on the individual at *(place)*

_____    on *(date)* _____    ; or

□ I left the summons at the individual's residence or usual place of abode with *(name)*

_____    , a person of suitable age and discretion who resides there,

on *(date)* _____    , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*    Lawyers Incorporating Service    , who is

designated by law to accept service of process on behalf of *(name of organization)*   Robert Bosch LLC and

Robert Bosch Engineering and Business Solutions LTD    on *(date)* _____    ; or

□ I returned the summons unexecuted because _____    ; or

□ Other *(specify):*



My fees are $ _____    for travel and $ _____    for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                         _____
                                              *Printed name and title*

                                         _____
                                              *Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Christina A. Snyder_____ and the assigned Magistrate Judge is _____Jay C. Gandhi_____ .

The case number on all documents filed with the Court should read as follows:

### 2:13CV8540 CAS JCGx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____November 19, 2013_____
Date

By  J.Prado _____
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division<br>312 N. Spring Street, G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Ste 1053<br>Santa Ana, CA 92701 | [ ] Eastern Division<br>3470 Twelfth Street, Room 134<br>Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**