

FILED

1   Kelly M. Dermody (State Bar No. 171716)
    kdermody@lchb.com
2   Daniel M. Hutchinson (State Bar No. 239458)
    dhutchinson@lchb.com
3   Lin Y. Chan (State Bar No. 255027)
    lchan@lchb.com
4   LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
5   275 Battery Street, 29th Floor
    San Francisco, CA 94111
6   Telephone: (415) 956-1000
    Facsimile: (415) 956-1008.
7

2014 MAR 31  PM 12: 15

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

8   *Counsel for Plaintiff and the Proposed Class*

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

                        WESTERN DIVISION

12  SURAJ KAMATH, on behalf of        Case No.  CV13-8540 CAS (JCGx)
    himself and all others similarly
13  situated,                          **FIRST AMENDED CLASS ACTION
                                        COMPLAINT**
14                Plaintiff,
                                        CLASS ACTION
15  v.
                                        JURY TRIAL DEMANDED
16  ROBERT BOSCH LLC, and
    ROBERT BOSCH ENGINEERING
17  AND BUSINESS SOLUTIONS
    LTD.,
18
                  Defendants.
19
20
21
22
23
24
25
26
27
28

1148024.10                        - 1 -           FIRST AMENDED CLASS ACTION COMPLAINT
                                                  CASE NO. CV13-8540 CAS (JCGx)

Individual and representative Plaintiff Suraj Kamath ("Plaintiff") alleges, on behalf of himself and all others similarly situated, as follows:

## INTRODUCTION

1.  Plaintiff Suraj Kamath is a member of, and seeks to represent, a class of highly skilled engineers from whom their employer, Defendants Robert Bosch, LLC, and Robert Bosch Engineering and Business Solutions, Ltd. (hereinafter identified as "Bosch" or "the Company"), has taken the amount comprising their federal and state tax refund checks through payroll deductions (hereinafter "Class members").

2.  Bosch's practices are straightforward and illegal.  Bosch promises each Class member – and the U.S. government – to pay a gross salary amount in L-1 visa applications that Bosch files with the U.S. government "under penalty of perjury."  From this promised gross salary, Bosch withholds state and federal taxes, and remits the employees' income tax payments to federal and state taxing authorities on behalf of each Class member.  Class members receive tax refund checks that constitute the Class members' money, i.e., tax overpayments withheld from their promised gross salary.  Bosch threatens and intimidates Class members, and forcibly takes their tax refund amounts as "offsets" through monthly or year-end payroll deductions.

3.  Plaintiff challenges this single, common, and nationwide corporate policy that has deprived, and threatens to further deprive, Bosch's similarly situated engineers of their tax refund amounts.

4.  This class action seeks to end this policy and return the tax refund amounts wrongfully taken from Class members.  Plaintiff, on behalf of himself and all Class members, seeks damages, injunctive relief, and restitution of all unjust enrichment the Company has enjoyed as a result of this practice.

- 1 -

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d)(2) and (6), because: (a) the matter in controversy exceeds $5,000,000.00, exclusive of interest and costs; (b) this is a class action involving 100 or more class members; and (c) this is a class action in which at least one member of the Plaintiff class is a citizen of a State different from at least one Defendant.

6.      Personal jurisdiction over Bosch is proper because it has purposefully availed itself of the privilege of conducting business activities within the State of California by employing workers within California, and selling its services within the State.  Bosch generally has maintained systematic and continuous business contacts with California.

7.      Venue is proper in this district pursuant to 42 U.S.C. § 2000e5(f) and 28 U.S.C. §§ 1391(b) & (c).  Many of the acts complained of herein occurred in this District and gave rise to the claims alleged.  Bosch conducts business in this District and has employed workers within the State of California.

## THE PARTIES

8.      Plaintiff Suraj Kamath is a citizen of India, who legally worked and lived in California under an L-1 visa.  In 2005, Mr. Kamath began working for Robert Bosch Engineering and Business Solutions, Ltd. ("RBEI") in India.  In March 2009, RBEI transferred Mr. Kamath from India to the United States.  From March 2009 until May 2013, Bosch employed Mr. Kamath as a Project Manager in Santa Barbara, California.

9.      Defendant Robert Bosch, LLC ("Bosch LLC") is the principal U.S. subsidiary of Robert Bosch GmbH, a German multinational corporation that specializes in engineering and electronics, and is one of the world's largest suppliers of automotive components.  At all times mentioned herein, Bosch LLC

1    was a Delaware corporation operating throughout the State of California and the

2    United States.  Bosch LLC's principal offices are located in Broadview, Illinois.

3          10.    Defendant RBEI is an Indian corporation registered with the Illinois

4    Secretary of State to operate in the United States.  In its website, RBEI describes

5    itself as the "technology powerhouse" in India of its parent Robert Bosch GmbH.

6          11.    Both Bosch entities employed Plaintiff and all Class members while

7    they legally worked and lived in the United States.  For example, Plaintiff's L-1

8    visa application states that Robert Bosch, LLC was his employer.  From April 2009

9    to June 2012, "Robert Bosch, LLC" was listed as Plaintiff's employer on his

10   paystubs.  From July 2012 to May 2013, "Robert Bosch Engineering and Business

11   Solutions, Ltd." was listed as Plaintiff's employer on his paystubs.  As late as

12   March 1, 2013, Plaintiff understood his employer to be both Bosch entities,

13   including in the signature line of his e-mail correspondence with Bosch that he

14   worked for "Robert Bosch LLC, Diagnostic Business Unit."

15                **STATEMENT OF FACTS APPLICABLE TO ALL CLAIMS**

16   **I.     Bosch's Transfer of Its Employees to the United States**

17         12.    For the Bosch managers and highly skilled employees with advanced

18   engineering degrees that comprise the Class, Bosch obtains L-1 visas that allow

19   them to live and work in the United States for a specified duration.

20         13.    Bosch completes each L-1 visa application and certifies to the U.S.

21   government, "under penalty of perjury under the laws of the United States of

22   America, that this petition and the evidence submitted with it are all true and

23   correct."

24         14.    L-1 visas require continued employment by the company that

25   sponsored the visa application.  Therefore, if an employee is fired or quits, the

26   employee cannot legally remain in the United States and must return to India.

27

28

- 3 -        FIRST AMENDED CLASS ACTION COMPLAINT
                                                     CASE NO. CV13-8540 CAS (JCGx)

Case 2:13-cv-08540-CAS-JCG   Document 25   Filed 03/31/14   Page 5 of 19   Page ID #:221


**II.      Bosch's Salary Policy**

15.     The L-1 visa regulations did not require Bosch to pay its engineer employees the prevailing wage.  Accordingly, Bosch has paid its employees well below the prevailing wage for highly skilled engineers.

16.     Specifically, as part of its L-1 visa applications for all Class members, Bosch has promised – to both the U.S. government and each Class member – a specific gross salary "under penalty of perjury."  For example, Bosch promised Plaintiff Kamath gross wages of $5,095.26 per month in 2009 and $95,278.29 per year in 2011.

17.     From its employees' promised, gross salary, Bosch has withheld state and federal taxes, and has remitted the employees' income tax payments to federal and state taxing authorities on behalf of each Class member.

18.     For at least the tax years 2006 through 2011, each Class member received a federal and state tax refund check made out to the Class member, representing the amount of taxes the Class member overpaid the federal and state tax agencies from the Class member's gross salary.  These tax refund amounts were Class members' property.

19.     On information and belief, Plaintiff alleges that Bosch's employees have received and cashed their tax refund checks.

20.     For example, for each year that Plaintiff worked for Bosch in the United States, the Internal Revenue Service and California Franchise Tax Board sent to Plaintiff checks made out to him in the amount of taxes he overpaid throughout the preceding year.  These tax refund amounts were his property.

**III.     Bosch's Tax Refund Policy**

21.     Prior to December 21, 2012, Bosch had never informed Plaintiff or Class members that it would demand or take back the tax refund amounts that the U.S. and state governments remitted to Plaintiff and each Class member.

1148024.10

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. CV13-8540 CAS (JCGx)

22. On December 21, 2012, Bosch issued a form letter to Plaintiff and each Class member.

23. Bosch's letter set forth the amounts of tax refunds that the Class member received for tax years 2006, 2007, 2008, 2009, 2010, and 2011.

24. Bosch directed each Class member to "repay this amount" to Bosch though payroll deductions.

25. The tax refund amounts sought by Bosch total as much as tens of thousands of dollars per Class member.  Bosch, for example, seeks payment of $45,102 from Plaintiff.

26. Bosch has no contractual right to take its employees' tax refund amounts.

27. By taking tax refund amounts from Plaintiff's and each Class member's gross pay, Bosch paid Plaintiff and each Class member less than the salary amounts that it promised, under penalty of perjury in its visa applications, to pay Plaintiff and each Class member.

**IV.   Bosch's Enforcement Procedures**

28. Many Class members, including Plaintiff, have attempted to resist paying their tax refund amounts to Bosch.  Bosch has nonetheless intimidated and threatened Class members, and has forcibly taken the amount of their tax refunds as "offsets" through payroll deductions.

**A.   Intimidation and Threats**

29. On information and belief, Plaintiff alleges that Bosch has used a uniform and common practice of intimidation and threats to pressure Class members into paying their tax refund amounts to Bosch.

30. For example, Bosch informed Plaintiff that, if he did not sign a form declaration promising to pay Bosch the full amount of his tax refunds, Bosch would fire him, require him to return to India, make his life miserable, make sure that his

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. CV13-8540 CAS (JCGx)

1  life and career would be destroyed, make sure that he would not find another job

2  anywhere, and pursue criminal and civil lawsuits against him.

3      31.    Contemporaneous e-mail correspondence from Bosch to Plaintiff

4  reflects that as soon as Plaintiff raised concerns about Bosch's demands to pay back

5  tax refunds, Bosch instructed him to "return to India immediately.  Any delay will

6  be considered as insubordination."

7      32.    The correspondence further documents Bosch managers' threats that

8  "[w]e will make sure that your career is destroyed and you will not be able to find a

9  job any where. We will make your life miserable if you don't sign [the declaration

10  promising to pay back to Bosch the tax refunds you received]."

11      33.    The employment relationship between Bosch and its employees in the

12  United States on L-1 visas was and continues to be inherently coercive.

13      **B.    Retaliation**

14      34.    Following Plaintiff's refusals to pay Bosch his tax refund amounts and

15  his retention of counsel, Bosch required Plaintiff to return to India in May 2013,

16  even though his visa was valid until March 1, 2014.

17      35.    Since returning to India, Plaintiff has continued to face retaliation.  For

18  instance, Bosch plans to reorganize Plaintiff's department.  Bosch excluded

19  Plaintiff's name from its planned reorganization, suggesting that Bosch intends to

20  eliminate Plaintiff from its employ.

21      36.    As a direct result of Bosch's ongoing retaliation and continued threats,

22  Plaintiff continues to fear further retaliation from Bosch due to Plaintiff's

23  questioning Bosch's demands for tax refund amounts and attempting to enforce his

24  rights.

25      **C.    Wage Deductions**

26      37.    Following its coercive letter and practices, Bosch has simply taken

27  Class members' tax refund amounts through monthly payroll deductions or by

28  deducting each employee's performance pay each year.

38.    Bosch has deducted performance pay in all cases in which Class members refused to submit to monthly payroll deductions.  The performance pay for Plaintiff and each Class member was and is a non-discretionary component of Plaintiff's and each Class member's salary.

39.    Bosch has taken payroll deductions from Class members as a set-off against the specific, identifiable amounts of tax refunds Bosch demanded from Plaintiff and each Class member.

40.    Contemporaneous e-mail correspondence from Bosch to Plaintiff documents this policy by stating that performance pay "was withheld for all cases where the signed declaration authorizing payroll deduction was not received."

41.    For example, Bosch has not paid Plaintiff the performance pay Bosch owes him for 2012.  In the year 2012, Plaintiff received an overall performance rating of "2" and therefore was to receive 16.6% of his basic salary and benefits as non-discretionary performance pay per Bosch policy.  The amount of performance pay in 2012 that Bosch owes to Plaintiff is 16.6% of his basic salary (520,486 INR) and benefits (977,299 INR) given Plaintiff's overall performance rating of "2." Therefore, the amount of performance pay withheld for the year 2012 is approximately $4,026.35, assuming an exchange rate of 1 INR for $0.016 USD.

42.    Instead, Bosch has informed Plaintiff that it will only pay him that amount if he agrees to pay his entire tax refund amounts to the Company.  In effect, Bosch used the withholding of Plaintiff's non-discretionary performance pay as a set-off against the tax refund amounts that Bosch demanded from Plaintiff.  As a result, Bosch has so far denied Plaintiff thousands of dollars in lost income and threatens to deny him of the full $45,102 Bosch has demanded.

43.    This policy of withholding non-discretionary performance pay as a set-off for tax refund amounts that Bosch demands from Plaintiff and each Class member has continued through the present.

44.    Class members did not provide Bosch with their tax refund amounts voluntarily.  Instead, Bosch, through coercion, has taken and retained the proceeds from Class members' federal and state tax refunds for each year that they worked in the United States.

45.    On information and belief, Bosch has already obtained millions of dollars from Class members that rightfully belong to them.  Bosch has not returned these funds to its employees.

**D.    <u>Amounts Taken</u>**

46.    On information and belief, the amounts taken by Bosch from Plaintiff and Class members are capable of identification.  These amounts are identifiable either through the letters sent to Plaintiff and Class members demanding that they pay the specific amounts of their tax refunds to Bosch or by calculating the wage deductions (such as the performance pay deductions) that were taken as a set-off for the tax refund amounts that Bosch demanded.

47.    For instance, Bosch has demanded $45,102 in tax refund amounts from Plaintiff, and it has taken approximately $4,026.35 in performance pay for 2012 as a set-off against Bosch's collection of Plaintiff's tax refund amounts.  This amount of performance pay deduction was specifically earmarked as deducted by Bosch as a set-off for the tax refund amounts that Bosch demanded from Plaintiff and Class members.

## <u>CLASS ALLEGATIONS</u>

48.    Plaintiff brings this class action pursuant to Fed. R. Civ. P. 23(a), (b)(2), (b)(3), and (c)(4), on behalf of a nationwide Class comprised of:

> All non-U.S. citizens who were, are, or will be employed by Bosch
> from whom Bosch has demanded payment of their tax refund amounts.

49.    The members of the nationwide Class identified herein are so numerous that joinder of all members is impracticable.  On information and belief, Plaintiff alleges that the number of employees affected by the illegal practices

1    alleged herein is at least 160, which is greater than can be addressed feasibly

2    through joinder.  The precise number is ascertainable from Bosch's records.

3         50.    There are a discrete number of questions of law and fact common to

4    the Class, central to the resolution of the case, and capable of classwide resolution.

5    Answers to these common questions will advance this litigation significantly.  Such

6    common questions capable of generating common answers apt to drive this

7    litigation include, but are not limited to, the following: (1) whether Bosch's

8    standard policy of compelling the Plaintiff and Class members to pay over their tax

9    refund check amounts constitutes conversion or unjust enrichment; and (2) whether

10   declaratory relief, injunctive relief, and other equitable remedies (including

11   restitution) and compensatory and punitive damages are warranted for the Class.

12        51.    The claims of Plaintiff are typical of the claims of the Class he seeks to

13   represent.

14        52.    Plaintiff will fairly and adequately represent and protect the interests

15   of the members of the Class.  Plaintiff's counsel is competent and highly

16   experienced in complex class actions and employment-related class actions in

17   general, and in employment class actions on behalf of foreign nationals in

18   particular.

19        53.    Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2)

20   because Bosch has acted and/or refused to act on grounds generally applicable to

21   the Class, making appropriate declaratory and injunctive relief with respect to

22   Plaintiff and the Class.  The law entitles members of the Class to injunctive relief,

23   including restitution of the profits Bosch has unlawfully acquired and retained

24   through its illegal acts.

25        54.    Class certification is also appropriate pursuant to Fed. R. Civ. P.

26   23(b)(3) because common questions of fact and law predominate over any

27   individual questions affecting members of the Class, and because a class action is

28   superior to other available methods for the fair and efficient adjudication of this

1148024.10

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. CV13-8540 CAS (JCGx)

1   litigation.  Class members have been damaged and are entitled to recovery as a

2   result of Bosch's common, uniform, and illegal policies and practices.  Bosch has

3   computerized data that will make calculation of damages for specific members of

4   the Class relatively straightforward.

5   **INAPPLICABLE AND/OR IRRELEVANT DEPUTATION LETTER**

6   55.   On information and belief, Bosch has represented to Plaintiff's counsel

7   that it issued a deputation letter to Class members.

8   56.   Any such deputation letters are not applicable to the claims at issue

9   here.

10   57.   Plaintiff's complaint does not necessarily rely on the deputation letter.

11   The deputation letter is not central to Plaintiff's claims.  The complaint does not

12   mention the letter (except to state that it is inapplicable and irrelevant).

13   58.   By its plain terms, the letter does not address, and Plaintiff never

14   understood the letter to address, the issue of tax refund amounts.

15   59.   Prior to December 21, 2012, Bosch never mentioned – in the

16   deputation letter itself, in connection with its discussions with Plaintiff regarding

17   the deputation letter, or in any other written or oral communication with Plaintiff of

18   any kind – any contention that the deputation letter would entitle Bosch to

19   Plaintiff's tax refund amounts.  On information and belief, Bosch never told other,

20   similarly-situated Class members that the deputation letter entitled Bosch to

21   Plaintiff's tax refund amounts.

22   60.   Plaintiff understands the words "[p]ayment to social security and

23   income tax, will be borne by the company" to mean that Bosch would physically

24   transmit the taxes withheld from Plaintiff's own gross salary to federal and state tax

25   authorities.

26   61.   Plaintiff understands of "[a]llowances are net of tax" to describe how,

27   in addition to the gross salary promised in L-1 visa applications, Bosch was

28

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. CV13-8540 CAS (JCGx)

1  required to pay net allowances.  This provision has no bearing on the promised
2  gross salary amount.

3      62.    Plaintiff intends to rely upon extrinsic evidence in support of his
4  claims.

5      63.    The deputation letter is also unenforceable because the statute of
6  limitations has expired.  Actions to enforce contracts are subject to a four-year
7  statute of limitations.  Cal. Civ. P. § 337.  Any purported breach of the deputation
8  letter occurred no later than the date each Class member retained the tax refund
9  amount.  Any potential claim that Bosch may have based on Class members
10 retaining tax refunds for the tax years 2006, 2007, 2008, and 2009 are therefore
11 foreclosed by the applicable statute of limitations.

12                     **FIRST CLAIM FOR RELIEF**
                            **Conversion**
13              (by Plaintiff on behalf of himself and the proposed Class)

14      64.    Plaintiff hereby incorporates by reference the allegations contained in
15 all preceding paragraphs of this complaint.

16      65.    Plaintiff brings this claim on behalf of himself and the proposed Class.

17      66.    The tax refund amounts Bosch required its employees to pay to the
18 Company represent the difference between the amount of the employees' earnings
19 that was withheld for taxes and the amount of taxes actually owed.  This amount
20 was withheld from their gross wages.  Plaintiff and proposed Class members
21 therefore have the right to receive and retain their federal and state income tax
22 refund amounts.

23      67.    By requiring that Plaintiff and each Class member pay their state and
24 federal income tax refund amounts to Bosch through off-set by payroll deductions
25 (including monthly payroll deductions and deductions of the non-discretionary
26 performance pay amount), Bosch has intentionally taken dominion and control over
27 Class members' tax refund amounts.

28

- 11 -

1   68.   Bosch's actions seriously interfere with Plaintiff's and proposed Class

2   members' rights to control and use their federal and state income tax refund

3   amounts.

4   69.   Bosch's actions have caused Plaintiff and Class members significant

5   financial injury.  Bosch's conversion of Plaintiff's and Class members' federal and

6   state income tax refund amounts has deprived each Class member of as much as

7   tens of thousands of dollars per Class member.

8   70.   Bosch's conduct as alleged above constitutes conversion.

9   71.   Plaintiff requests relief as provided in the Prayer for Relief below.

10
                          **SECOND CLAIM FOR RELIEF**
                               **Unjust Enrichment**
11              (by Plaintiff on behalf of himself and the proposed Class)

12   72.   Plaintiff hereby incorporates by reference the allegations contained in

13   all preceding paragraphs of this complaint.

14   73.   Plaintiff brings this claim on behalf of himself and the proposed Class.

15   74.   By paying the amounts of their federal and state income tax refund

16   checks to Bosch through off-set by payroll deductions (including monthly payroll

17   deductions and deductions of the non-discretionary performance pay amount),

18   Plaintiff and each Class member conferred a substantial benefit upon Bosch, worth

19   as much as tens of thousands of dollars per Class member.

20   75.   By requiring each Class member to pay their tax refund amounts to

21   Bosch, Bosch knew of and fully appreciated the benefit it was receiving.

22   76.   It is inequitable for Bosch to retain tax refund amounts that rightfully

23   belong to Class members.

24   77.   Bosch's conduct as alleged above establishes a claim for unjust

25   enrichment.

26   78.   Plaintiff requests relief as provided in the Prayer for Relief below.

27

28

1148024.10

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. CV13-8540 CAS (JCGx)

1

**THIRD CLAIM FOR RELIEF**
**Declaratory Relief Under 28 U.S.C. § 2201 & Fed. R. Civ. P. 57**

2

(by Plaintiff on behalf of himself and the proposed Class)

3          79.    Plaintiff hereby incorporates by reference the allegations contained in

4    all preceding paragraphs of this complaint.

5          80.    Plaintiff brings this claim on behalf of himself and the proposed Class.

6          81.    There exists an actual controversy under applicable law governing

7    Bosch's conduct as to whether Bosch can engage in the practices described herein.

8          82.    This question is common to Plaintiff and Class members who seek a

9    declaration of their rights and legal obligations in addition to such other relief

10   which might be granted by this Court.

11         83.    Pursuant to 28 U.S.C. § 2201, this Court may "declare the rights and

12   legal relations of any interested party seeking such declaration, whether or not

13   further relief is or could be sought."

14         84.    Plaintiff and Class members are interested parties who seek a

15   declaration of their rights and legal relations vis-à-vis Bosch, including a finding

16   that the conduct of Bosch alleged herein is in violation of federal and state law, and

17   enjoining Bosch from continuing in such conduct.

18

**FOURTH CLAIM FOR RELIEF**
**Violation of California Labor Code § 221**

19

(by Plaintiff on behalf of himself)

20         85.    Plaintiff hereby incorporates by reference the allegations contained in

21   all preceding paragraphs of this complaint.

22         86.    Plaintiff brings this claim on behalf of himself.

23         87.    Pursuant to California Labor Code § 221, "It shall be unlawful for any

24   employer to collect or receive from an employee any part of wages theretofore paid

25   by said employer to said employee."

26         88.    Pursuant to California Labor Code § 1171.5(a):

27         All protections, rights, and remedies available under state law, except any

28         reinstatement remedy prohibited by federal law, are available to all

- 13 -

FIRST AMENDED CLASS ACTION COMPLAINT
CASE NO. CV13-8540 CAS (JCGx)

1    individuals regardless of immigration status who have applied for

2    employment, or who are or have been employed, in this state.

3        89.    Bosch's conduct as alleged above constitutes a violation of California

4    Labor Code § 221, because by requiring Plaintiff to deduct his non-discretionary

5    performance pay as a set-off for his tax refund amounts, Bosch required Plaintiff to

6    return to Bosch a substantial part of the wages paid by Bosch to him.

7    

**FIFTH CLAIM FOR RELIEF**
**Violation of California Labor Code § 1102.5**
(by Plaintiff on behalf of himself)

8    

9    

10        90.    Plaintiff hereby incorporates by reference the allegations contained in

11    all preceding paragraphs of this complaint.

12        91.    Pursuant to California Labor Code § 1102.5(c), "[a]n employer may

13    not retaliate against an employee for refusing to participate in an activity that would

14    result in a violation of state or federal statute, or a violation or noncompliance with

15    a state or federal rule or regulation."

16        92.    California Labor Code § 1102.5(f) provides: "an employer that is a

17    corporation or limited liability company is liable for a civil penalty not exceeding

18    ten thousand dollars ($10,000) for each violation of this section."

19        93.    Plaintiff refused to participate in Bosch's policy of demanding that

20    Plaintiff and Class members pay their tax refund amounts to Bosch through

21    deductions of their wages, including non-discretionary performance pay, which

22    violates California Labor Code § 221.

23        94.    Because Plaintiff refused to participate in Bosch's unlawful activities,

24    Bosch has retaliated against Plaintiff by, among other things, forcing him to return

25    to India, threatening him, and reorganizing Plaintiff's department within Bosch in

26    such a way as to preclude Plaintiff from continuing to have a role (and possibly a

27    job) within Bosch.

28    

- 14 -

95.    Bosch's conduct as alleged above establishes a claim for retaliation under California Labor Code § 1102.5.

96.    Plaintiff requests relief as provided in the Prayer for Relief below.

**SIXTH CLAIM FOR RELIEF**
**Violation of California Business and Professions Code § 17200, *et seq.***
(by Plaintiff on behalf of himself)

97.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

98.    Plaintiff brings this claim on behalf of himself.

99.    Bosch's violations of California Labor Code §§ 221 and 1102.5, as alleged above, constitutes unlawful business acts or practices.

100.    Bosch's wage deductions as alleged herein to Plaintiff's performance pay, as alleged herein, constitutes unlawful activities prohibited by Business and Professions Code §§ 17200, *et seq.*

101.    Bosch's actions in collecting part of Plaintiff's wages owed to him, as alleged herein, constitutes false, unfair, fraudulent and deceptive business practice, within the meaning of Business and Professions Code §§ 17200, *et seq.*

102.    Bosch's conduct as alleged herein has damaged Plaintiff by wrongfully failing to pay him all wages due.  Such conduct was substantially injurious to Plaintiff.

103.    Under the circumstances alleged herein, it would be inequitable and result in a miscarriage of justice for Bosch to continue to retain the property of Plaintiff, entitling Plaintiff to restitution of the unfair benefits obtained and disgorgement of Bosch's ill-gotten gains.

104.    As a result of Bosch's unlawful business acts or practices, Bosch has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiff.

105.    Bosch's improper, unfair, and unlawful business practices and acts alleged herein constitute a continuing threat to Plaintiff and members of the public

- 15 -

1    in that, unless restrained, Bosch may continue to violate the California Labor Code.

2    Pursuant to Business and Professions Code § 17203, Plaintiff, on behalf of himself

3    and the general public, seeks a permanent injunction requiring Bosch to cease its

4    unlawful and unfair business practices and acts.

5        106.  As a direct and proximate result of the aforementioned practices and

6    acts, Bosch has been unjustly enriched, and Plaintiff and the general public are

7    entitled to restitution in an amount to be determined at trial.

8        107.  Plaintiff requests relief as provided in the Prayer for Relief below.

9                          **RELIEF ALLEGATIONS**

10       108.  Plaintiff and the Class he seeks to represent have no plain, adequate, or

11   complete remedy at law to redress the wrongs alleged herein, and the injunctive

12   relief sought in this action is the only means of securing complete and adequate

13   relief.  Plaintiff and the Class he seeks to represent are now suffering and will

14   continue to suffer irreparable injury from Bosch's illegal acts.

15       109.  The actions on the part of Bosch have caused and continue to cause

16   Plaintiff and the proposed Class substantial losses, in an amount to be determined

17   according to proof.

18       110.  Bosch acted or failed to act as herein alleged with malice or reckless

19   indifference to the protected rights of Plaintiff and members of the proposed Class.

20   Plaintiff and members of the proposed Class are thus entitled to recover punitive

21   damages in an amount to be determined according to proof.

22                          **PRAYER FOR RELIEF**

23       **WHEREFORE,** Plaintiff, on behalf of himself and the proposed Class,

24   prays for relief as follows:

25       111.  Certification of the case as a class action on behalf of the proposed

26   Class, designation of Plaintiff as representative of the Class and designation of his

27   counsel of record as Class Counsel;

28

- 16 -

112.    Damages and equitable relief for all harm Plaintiff and the Class have

sustained as a result of Bosch's conduct, according to proof;

113.    Exemplary and punitive damages in an amount commensurate with

Bosch's ability to pay and to deter future unlawful conduct;

114.    A preliminary and permanent injunction against Bosch and its

directors, officers, owners, agents, successors, employees, and representatives—and

any and all persons acting in concert with them—from engaging in each of the

unlawful practices, policies, customs, and usages set forth herein;

115.    A declaratory judgment that the practices complained of in this

complaint are unlawful and violate applicable federal and state law;

116.    Fees and costs incurred, including reasonable attorneys' fees, to the

extent allowable by law, including but not limited to, California Labor Code §

218.5;

117.    Pre-judgment and post-judgment interest, as provided by law; and

118.    Such other and further legal and equitable relief as this Court deems

necessary, just, and proper.

Dated:  March 31, 2014                  LIEFF, CABRASER, HEIMANN
                                        & BERNSTEIN, LLP


                               By:_____
                                        Kelly M. Dermody

                                        Kelly M. Dermody (State Bar No. 171716)
                                        kdermody@lchb.com
                                        Daniel M. Hutchinson (State Bar No. 239458)
                                        dhutchinson@lchb.com
                                        Lin Y. Chan (State Bar No. 255027)
                                        lchan@lchb.com
                                        LIEFF, CABRASER, HEIMANN
                                         & BERNSTEIN, LLP
                                        275 Battery Street, 29th Floor
                                        San Francisco, CA 94111
                                        Telephone:  (415) 956-1000
                                        Facsimile:  (415) 956-1008

                                        *Counsel for Plaintiff and the Proposed Class*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  March 31, 2014

LIEFF, CABRASER, HEIMANN
  & BERNSTEIN, LLP

By:_____
        Kelly M. Dermody

Kelly M. Dermody (State Bar No. 171716)
kdermody@lchb.com
Daniel M. Hutchinson (State Bar No. 239458)
dhutchinson@lchb.com
Lin Y. Chan (State Bar No. 255027)
lchan@lchb.com
LIEFF, CABRASER, HEIMANN
  & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Counsel for Plaintiff and the Proposed Class*

1148024.10

- 18 -