UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-08540-CAS(JCGx) | Date | June 26, 2014 |
|---|---|---|---|
| Title | SURAJ KAMATH V. ROBERT BOSCH LLC, ET AL. | | |

Present: The Honorable  CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants

Not Present                            Not Present

**Proceedings:**   **(In Chambers:)** DEFENDANTS' MOTION TO DISMISS (Dkt. #28, filed April 28, 2014)

## I.   INTRODUCTION

Plaintiff Suraj Kamath filed this putative class action on November 19, 2013, against defendants Robert Bosch Engineering and Business Solutions Ltd. ("RBEI"), and Robert Bosch LLC ("Bosch LLC"). Dkt. #1. The operative first amended complaint ("FAC") asserts claims for: (1) conversion; (2) unjust enrichment; (3) declaratory relief; (4) violation of California Labor Code § 221; (5) violation of California Labor Code § 1102.5; and (6) violation of the Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200, et seq. Dkt. #25.

Plaintiff seeks to represent a class of all non-United States citizens who have been, are, or will be employed by defendants, and from whom defendants have demanded payment of "tax refund amounts." Id. Plaintiff seeks to represent a class of all non-United States citizens who have been, are, or will be employed by defendants, and from whom defendants have allegedly "taken the amount comprising their federal and state tax refund checks through payroll deductions." Id. Defendants filed a motion to dismiss on April 28, 2014. Dkt. #28.[1] Plaintiff filed an opposition on May 15, 2014, dkt.

---

[1] Defendants also move to strike plaintiff's claims under the UCL and the Labor Code on the grounds that the Court did not grant plaintiff leave to add those claims when it granted defendants' first motion to dismiss. Defendants' motion to strike is DENIED because the Court did not restrict the scope of plaintiff's leave to amend. See dkt. #22 (stating that plaintiff "shall have leave to file an amended complaint no later than March 31, 2014," without any additional qualifications).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-08540-CAS(JCGx) | Date | June 26, 2014 |
| Title | SURAJ KAMATH V. ROBERT BOSCH LLC, ET AL. | | |

#29, and defendants replied on May 29, 2014, dkt. #30. The Court held a hearing on June 16, 2014, and thereafter took this matter under submission. After considering the parties' arguments, the Court finds and concludes as follows.

## II.  BACKGROUND

Plaintiff alleges that he is a citizen of India who previously worked and lived in California. FAC ¶ 8. Plaintiff further alleges that Bosch LLC is a Delaware corporation with its principal place of business in Illinois, and RBEI is an Indian corporation registered with the Illinois Secretary of State to operate in the United States. Id. ¶ 10.

Plaintiff alleges that he began working for RBEI in India in 2005, and that RBEI transferred him from India to the United States in March 2009. Id. ¶ 8. Plaintiff alleges that he worked for defendants in Santa Barbara, California from March 2009 until May 2013, in the position of project manager. Id. Plaintiff further alleges that he worked under an L-1 visa. Id. According to plaintiff, an L-1 visa permits a company to transfer an employee with specialized knowledge from a foreign office to the company's United States affiliate or subsidiary. Id. ¶ 12. Plaintiff alleges that, while he worked in the United States, defendants promised to pay him a certain gross salary. Id. ¶¶ 15-16.

Plaintiff alleges that defendants withheld state and federal taxes from its employees' gross salaries and that defendants remitted tax payments to federal and state tax authorities on plaintiff's behalf, based on that gross amount. Id. ¶ 17. Plaintiff further alleges that he received federal and state tax refund checks from the Internal Revenue Service ("IRS") and the California Franchise Tax Board for each year that plaintiff worked for defendants in the United States. Id. ¶ 20.

Plaintiff alleges that, on December 21, 2012, he received a letter from defendants directing him to repay to defendants the tax refund amounts received from the IRS and the Franchise Tax Board. Id. ¶¶ 22-23. According to plaintiff, defendants seek $45,102 in tax refund payments from him. Id. ¶ 25. Plaintiff alleges that he has attempted to resist defendants' attempts to collect payment of these tax refund amounts. Id. ¶ 28. Plaintiff alleges that he refused to make these payments, and that defendants required him to return to India in May 2013, prior to the expiration of his visa on March 1, 2014. Id. ¶ 34. Plaintiff alleges that he has faced and continues to face intimidation and threats in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:13-cv-08540-CAS(JCGx) | Date | June 26, 2014 |
|---|---|---|---|
| Title | SURAJ KAMATH V. ROBERT BOSCH LLC, ET AL. | | |

retaliation from defendants, as a result of his refusal to repay the tax refund monies. Id. ¶¶ 31-33, 35.

According to plaintiff, defendants have withheld $4,026.35 in performance pay, and that defendants informed him that he will only receive his performance pay if he agrees to repay the disputed tax refund amounts. Id. ¶¶ 38, 42.

## III. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-08540-CAS(JCGx) | Date | June 26, 2014 |
| Title | SURAJ KAMATH V. ROBERT BOSCH LLC, ET AL. | | |

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Plaintiff's Claim for Conversion

"The elements of a claim for conversion are [1] the plaintiff's ownership or right to possession of the property at the time of the conversion, [2] the defendant's conversion by a wrongful act or disposition of property rights, and [3] damages [resulting from the conversion]." Oakdale Vill. Group v. Fong, 43 Cal. App. 4th 539, 543-44 (1996). A showing of manual taking of the property is unnecessary; a plaintiff need only show a defendant's "assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use." Id. The tort of conversion applies to personal property, not real property. Salma v. Capon, 161 Cal. App. 4th 1275, 1295 (2008); 5 Witkin, Summary of Cal. Law § 699 (10th ed. 2005). Plaintiff asserts a claim for conversion based on defendants' "require[ment] that Plaintiff … pay [his] state and federal income tax refund amounts to [defendants] through off-set by payroll deductions"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-08540-CAS(JCGx) | Date | June 26, 2014 |
| Title | SURAJ KAMATH V. ROBERT BOSCH LLC, ET AL. | | |

in the form of deductions to his "performance pay" amount. FAC ¶ 67. However, plaintiff alleges that he has refused to return the tax refund monies to defendants. FAC ¶ 28. Thus, the crux of plaintiff's claim is that defendants are converting his tax refund monies by withholding his performance pay.[2]

     Defendants argue that this claim fails because there is no legal basis for plaintiff's "setoff theory." Mot. Dismiss 2-3. The Court agrees. No authority exists to support the proposition that a claim for conversion of property A can be premised on the withholding of property B. Moreover, a plain reading of the elements of conversion under California law demonstrates that the allegedly converted property, and not some other property, must be under defendants' control. See Fong, 43 Cal. App. 4th at 543-44 (noting that a conversion consists of "assumption of control or ownership over the property, or that the alleged converter has applied the property to his own use"). Here, plaintiff does not allege that he has provided the specific $45,102 tax refund monies to defendants, but that defendants exercised dominion over the tax refund by withholding $4,026.35 of plaintiff's performance pay. FAC ¶¶ 34, 67.

     Plaintiff chiefly relies on Welco Electronics., Inc. v. Mora, 223 Cal. App. 4th 202 (2014), in support of his argument that a wrongful setoff gives rise to a conversion claim. Opp. Mot. Dismiss 7. In Welco, the defendant worked for the plaintiff company as a quality assurance manager and performed computer services for the plaintiff. 223 Cal. App. 4th at 206. Without plaintiff's knowledge, his credit card information was used to pay for the defendant's services. Id. at 205. The defendant received the payment in a bank account he had established under a fictitious name. Id. The value of the transferred funds totaled $372,039.01. Id. at 206. Thereafter, the plaintiff sued for conversion, alleging that the defendant "took . . . $372,142.70 in cash belonging to plaintiff, and converted it for [his] own use." Id. at 207. The Court of Appeal affirmed the lower court judgment in favor of the plaintiff and against the defendant, finding that the defendant's use of the plaintiff's credit card information to transfer funds into his own account constituted conversion. Id. at 218. In its analysis, the court focused on the conversion of

---

     [2] Plaintiff's opposition reiterates that his theory of conversion is that defendants "took and continue[] to take Plaintiff's tax refund amounts by withholding Plaintiff's . . . performance pay as a set-off against those tax refund amounts."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-08540-CAS(JCGx) | Date | June 26, 2014 |
|---|---|---|---|
| Title | SURAJ KAMATH V. ROBERT BOSCH LLC, ET AL. | | |

intangible property and, specifically, the use of credit card information to transfer funds as a wrongful taking of property. Id. at 209-10.

Welco is inapposite to the present case. Welco does not involve conversion by setoff, but instead establishes that money obtained through the use of credit card information can be actionable as conversion, even though the funds are not taken directly from the plaintiff. Id. Unlike in Welco, where the defendant used the plaintiff's credit card information to convert a specific sum of money, plaintiff here alleges that defendants have converted the tax refund monies by withholding a separate and smaller amount of money, plaintiff's 2012 performance pay. FAC ¶ 67. Thus, Welco provides no support for plaintiff's theory of conversion by setoff.

Plaintiff contends that Welco stands for the proposition that conversion may lie where two "pots of money" are involved. Opp. Mot. Dismiss at 7. In particular, plaintiff argues that Welco entailed two different pots of money, (1) that of the plaintiff's credit card company and (2) that of the plaintiff's funds. Id. This argument fails. Unlike in Welco, where the credit card company was merely acting as an intermediary for the transfer of $372,142.70 from the plaintiff to the defendant, here, the $4,026.35 performance pay is a distinct sum from the $45,102 tax refund monies. Plaintiff presents no authority specifically addressing the conversion of one amount of money by setoff of a separate amount of money. Thus, by alleging that defendants exercised dominion over the $45,102 tax refund by withholding $4,026.35, plaintiffs have not asserted that the specific sum at issue, the $45,102, has been converted in a way that can be supported by California case law.[3]

Accordingly, the Court finds that plaintiff's claim for conversion fails, and must be dismissed. Furthermore, this claim should be dismissed without leave to amend because "the allegation of other facts consistent with the [instant complaint] could not possibly cure the deficiency." Schreiber Distrib. Co., 806 F.2d at 1401. As exhibited by the FAC,

---

[3] Natomas Gardens Inv. Group, LLC v. Sinadinos, 710 F. Supp. 2d 1008, 1019 (E.D. Cal. 2010), also cited by plaintiff, is similarly inapposite. There, the court found that the plaintiffs stated a claim for conversion based on the defendants' alleged misuse of funds that were deposited into several bank accounts. Natomas provides no support for plaintiff's theory of conversion by setoff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-08540-CAS(JCGx) | Date | June 26, 2014 |
| Title | SURAJ KAMATH V. ROBERT BOSCH LLC, ET AL. | | |

plaintiff cannot state a claim that would allege that defendants are in possession of or exercise control over the tax refund monies, as is required in order to state a claim for conversion.

### B. Plaintiff's Claim for Unjust Enrichment

"The elements of an unjust enrichment claim are the 'receipt of a benefit and [the] unjust retention at the expense of another.'" Peterson v. Cellco Partnership, 164 Cal. App. 4th 1583, 1593 (2008). The crux of plaintiff's claim for unjust enrichment is that defendants are wrongfully retaining "tax refund amounts" by withholding performance pay. FAC ¶¶ 74-76.[4] This claim fails for substantially the same reason as plaintiff's conversion claim, namely, that plaintiff alleges that he  that California law provides no support for theory of unjust enrichment by which a defendant can unjustly retain one benefit (here, plaintiff's tax refund) by wrongfully withholding another benefit (here, plaintiff's performance pay). At oral argument, plaintiff requested leave to amend his complaint to assert a claim based solely on defendants' allegedly unjust retention of his performance pay. In light of the fact that leave to amend should be given "freely," Fed. R. Civ. P. 15(a)(2), the Court finds that leave should be granted in the present case.[5]

---

[4] Plaintiff also alleges that defendants have been unjustly enriched by retaining the tax refund monies of putative class members. FAC ¶¶ 74-76. The Court does not consider allegations pertaining to putative class members. This is so because, at the motion to dismiss stage, the Court only considers allegations pertaining to the named plaintiff because a putative class action cannot proceed unless the named plaintiff can state a claim for relief as to himself. Lierboe v. State Farm Mut. Auto Ins. Co., 350 F.3d 1018, 1022 (9th Cir. 2003); see also Boyle v. Madigan, 492 F.2d 1180, 1182 (9th Cir. 1974) ("Until [the named plaintiff] can show [himself] aggrieved in the sense that [he is] entitled to the relief sought, there is no occasion for the court to wrestle with the problems presented in considering whether the action may be maintained on behalf of the class.").

[5] Since the Court concludes that this claim fails for this reason, the Court need not address the parties' contentions as to whether California law recognizes an independent claim for unjust enrichment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-08540-CAS(JCGx) | Date | June 26, 2014 |
| Title | SURAJ KAMATH V. ROBERT BOSCH LLC, ET AL. | | |

### C. Plaintiff's Claim for Violation of California Labor Code § 221

Plaintiff asserts a claim under California Labor Code Section 221 ("Section 221"), which prohibits an employer from "collect[ing] or receiv[ing] from an employee any part of wages theretofore paid by said employer to said employee." Defendants argue that this claim fails because Section 221 does not give rise to a private right of action. The Court agrees, for substantially the same reasons set forth in Mouchati v. Bonnie Plants, Inc., 2014 WL 1661245, at *7-8 (C.D. Cal. March 6, 2014). There, the Mouchati court considered whether the California Legislature intended to create a private right of action for violations of Section 221. After a thorough analysis, the court concluded that Section 221 does not give rise to a private right of action because, "unlike other sections of [the Labor Code] where courts have found . . . a private right of action, [Section 221] does not create an entitlement to wages." Id. at *8. Additionally, the court noted that Section 221 "specifically provides for criminal and agency enforcement of Section 221, which is further evidence the legislature did not intend to create a private right of action." Id. The Mouchati court's conclusion is consistent with another recent decision in this district. See Gunawan v. Howroyd-Wright Employment Agency, 2014 WL 539907, at *8 (C.D. Cal. Jan. 30, 2014). Accordingly, since Section 221 does not give rise to a private right of action, the Court finds that plaintiff's claim under Section 221 should be dismissed without leave to amend.

However, since the FAC also asserts a claim under the UCL, on the grounds that defendants' conduct violates Section 221, and therefore constitutes an "unlawful" business practice, the Court turns to the issue of whether defendants' alleged conduct violates Section 221. See, e.g., Mouchati, 2014 WL 1661245, at *8 (noting that a claim under the UCL premised on a violation of Section 221 is unaffected by the conclusion that Section 221 does not give rise to a private right of action). Section 221 was enacted to "prevent the use of secret deductions or 'kickbacks' to make it appear the employer is paying a required or promised wage, when in fact it is paying less." Prachasaisoradej v. Ralphs Grocery Co., 42 Cal. 4th 217, 231 (2007) (citing Kerr's Catering Serv. v. Dep't of Industrial Relations, 57 Cal. 2d 319 (1962)). Thus, Section 221 prohibits the "recapture of wages already earned or paid." Hon. Ming W. Chin, et al., Rutter Group: Cal. Practice Guide: Employment Litig. § 11:545.9 (2013) (citing Prachasaisoradej, 42 Cal. 4th at 239). For example, in Harris v. Investor's Business Daily, Inc., 138 Cal. App. 4th 28 (2006), the Court of Appeal reversed the trial court's grant of summary judgment in favor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:13-cv-08540-CAS(JCGx) | Date | June 26, 2014 |
|---|---|---|---|
| Title | SURAJ KAMATH V. ROBERT BOSCH LLC, ET AL. | | |

of the defendant as to plaintiff's claim under Section 221.[6] The plaintiffs were employed as telemarketers by the financial newspaper Investor's Business Daily, and were charged with selling newspaper subscriptions. Id. at 31. The plaintiffs were compensated based on a point system which rewarded them for selling longer subscriptions, winning daily contests, and meeting weekly sales goals. Id. Under this compensation system, employees were "'charged back' the points earned from a sale if the customer cancelled" a subscription within 16 weeks. Id. at 40. The plaintiffs argued that this policy violated Section 221's prohibition on "taking back any wages from an employee after they are earned." Id. at 41. The Court of Appeal held that a triable issue of fact existed as to whether the chargeback policy violated Section 221. Id.

Here, plaintiff alleges that defendants violated Section 221 by deducting performance pay from plaintiff's compensation as a setoff for the tax refund monies retained by plaintiff. FAC ¶ 89. Thus, plaintiff argues that, by withholding plaintiff's performance pay, defendants are improperly seeking to recover the tax refund monies. The Court finds that these allegations do not establish a violation of Section 221. First, the crux of plaintiff's allegations is that he and defendants dispute the ownership of the tax refund monies disbursed by the California and federal governments. After examining the recent decisions of the California courts addressing Section 221, the Court concludes that this scenario—a dispute over the ownership of monies paid by a third party, namely, the government—does not fall within the ambit of Section 221.[7] Rather, Section 221 is

---

[6] In this case, as in several other California cases cited herein, the plaintiffs asserted claims directly under Section 221. However, the parties in these cases never contested the availability of a private right of action, so the Court does not view these cases as supporting the proposition that a private right of action exists under Section 221. However, the Court finds these cases to be persuasive on the issue of what conduct violates Section 221.

[7] This conclusion is bolstered by the fact that "[i]t has consistently been held that employees have no cause of action against employers who, pursuant to directives or regulations of the IRS, withhold wages and pay them over to the government in satisfaction of federal income tax liability." Otworth v. S. Pac. Transp. Co., 166 Cal. App. 3d 452, 458 (1985). Thus, at least in the context of a conventional employer-employee relationship, an employee may not bring an action against her employer to recover monies lawfully withheld for tax purposes.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:13-cv-08540-CAS(JCGx) | Date | June 26, 2014 |
| Title | SURAJ KAMATH V. ROBERT BOSCH LLC, ET AL. | | |

violated when an employer pays an employee a wage, and then recaptures it by means of a deduction or chargeback.  See, e.g., Harris,138 Cal. App. 4th at 41; Hudgins v. Neiman Marcus Group, Inc., 34 Cal. App. 4th 1109, 1123 (1995).  Moreover, this claim also fails because, as stated above, plaintiff does not allege that he has returned the tax refund monies to defendants.  Thus, plaintiff does not allege that defendants have "collect[ed] or receive[d]" a wage from him.  See Cal. Labor Code Section 221.  Rather, the FAC only alleges that defendants are withholding plaintiff's performance pay as a setoff.[8]

### D. Plaintiff's Claim Under California Labor Code Section 1102.5

Plaintiff asserts a claim for violation of California Labor Code Section 1102.5(c) ("Section 1102.5(c)"), which provides that an employer "shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation."  Here, plaintiff alleges that he refused to accede to defendants' demand that he return his tax refund monies in exchange for his performance pay, and that defendants' demand constituted a violation of Section 221.  FAC ¶ 93.  Additionally, plaintiff alleges that, as a result of his refusal, defendants retaliated against him by forcing him to return to India, among other things.  Id. ¶ 94.

Defendants argue that this claim should be dismissed because the conduct alleged in the FAC does not violate Section 221.  The Court agrees.  Since defendants' conduct, as alleged in the FAC, does not violate Section 221, plaintiff's claim under Section 1102.5(c) fails because plaintiff does not allege that he refused to participate in an activity that would result in a violation of a state or federal statute, or a local, state, or federal rule or regulation.  Accordingly, the Court finds that the FAC fails to state a claim under Section 1102.5(c).

---

[8] Plaintiff cites Barnhill v. Robert Saunders & Co., 125 Cal. App. 3d 1, 6 (1981), for the proposition that "an employer is not entitled to a setoff of debts owing it by an employee against any wages due that employee."  Barnhill is inapposite, however, because it was an action for nonpayment of wages under Sections 201 and 203 of the Labor Code, and not an action based on a violation of Section 221.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:13-cv-08540-CAS(JCGx) | Date | June 26, 2014 |
|---|---|---|---|
| Title | SURAJ KAMATH V. ROBERT BOSCH LLC, ET AL. | | |

### E. Plaintiff's UCL Claim

The UCL prohibits "unfair competition," which is defined as any "unlawful, unfair or fraudulent business act or practice." To establish a violation of the UCL, a plaintiff may establish a violation under any one of these prongs. An unlawful business practice is one that is "prohibited by law, where possible sources of law are defined broadly." Multimedia Patent Trust v. Microsoft Corp., 2007 WL 2696675 (S.D. Cal. September 10, 2007) (citation omitted). Here, plaintiff alleges that defendants' conduct constitutes an "unlawful" business practice because it violates Sections 221 and 1102.5. The Court finds that the FAC fails to state a claim under the "unlawful" prong of the UCL because, as set forth above, the FAC does not allege a violation of either of these two sections of the California Labor Code.

The FAC also alleges that defendants' actions, "in collecting part of Plaintiff's wages owed to him," constitute "false, unfair, fraudulent, and deceptive business practice[s]." FAC ¶ 101. The Court finds that the FAC also fails to state a claim under these prongs of the UCL because the FAC lacks allegations explaining how defendants' conduct is "false, unfair, fraudulent, [or] deceptive" in a manner that is distinct from the alleged violations of Sections 221 and 1102.5.

### F. Plaintiff's Claim for Declaratory Relief

"In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). An actual controversy exists when a "definite and concrete" dispute exists that "touch[es] the legal relations of parties having adverse legal interests" and "admi[ts] of specific relief through a decree of a conclusive character." MedImmune, Inc. v. Genentech, Inc. 549 U.S. 118, 127 (2007) (citing Aeta Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937)); see also Stephenson v. Stephenson, 249 F.2d 203, 208 (7th Cir. 1957) (stating that an "actual controversy" exists when "one side makes a claim of a present, specific right and the other side makes an equally definite claim to the contrary"). Here, plaintiff seeks a declaration of his "rights and legal relations vis-a-vis Bosch, including a finding that the conduct of Bosch alleged herein is in violation of federal and state law." FAC ¶ 84. This allegation does not set forth any basis for concluding that plaintiff and defendants have "adverse legal interests," see MedImmune,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:13-cv-08540-CAS(JCGx) | Date | June 26, 2014 |
|---|---|---|---|
| Title | SURAJ KAMATH V. ROBERT BOSCH LLC, ET AL. | | |

549 U.S. at 127, or that an "actual controversy" exists, because plaintiff does not provide any legal authority or factual allegations demonstrating his entitlement to the tax refund monies. The Court therefore finds that this claim should be dismissed.

Moreover, to the extent that plaintiff intends for this claim to be derivative of his other claims, dismissal is still warranted because, as stated above, the complaint fails to state a claim under either of those theories. See Rendon v. Countrywide Home Loans, Inc., 2009 WL 3126400, at *14 (E.D. Cal. Sept. 24, 2009) (finding that claim for declaratory relief should be dismissed because failure of other claims in the complaint demonstrated the absence of a "substantial controversy").

## V. CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss is hereby GRANTED. Plaintiff shall have leave to file an amended complaint no later than **July 25, 2014**, to assert claims grounded in plaintiff's contention that he is entitled to his tax refund monies. Plaintiff shall also have leave to assert claims based on his entitlement to performance pay.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer |  | CMJ |  |